## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| **CORNELIUS DUGGANS,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **3:25-cv-100-TES** |
| **GEORGIA DHR SERVICES,** | |
| *Defendant.* | |

### ORDER

Pro se Plaintiff Cornelius Duggans commenced this civil action on June 17, 2025, by filing a Complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP"). [Doc. 2]. Because the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2] and waives the filing fee, the Court must review his Complaint. *See* U.S.C. § 1915(e).

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action,

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing

fees if it "represents that the litigant, because of his poverty, is unable to pay for the

court fees and costs, and to support and provide necessities for himself and his

dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After

reviewing Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to

Proceed *In Forma Pauperis* [Doc. 2] or, stated differently, grants him IFP status.

## FRIVOLITY REVIEW

### A.    Legal Standard

Since Plaintiff is proceeding IFP, 28 U.S.C. § 1915(e) requires the Court to review

his Complaint to determine whether it is frivolous or malicious or fails to state a claim

for which relief may be granted.[2] 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The proper contours of

the term "frivolous," have been defined by the Supreme Court to encompass

complaints that, despite their factual allegations and legal conclusions, lack an arguable

basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989). These types of

complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that

dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process,

---

[2] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions

are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

**B.    Frivolity Review**

In his Complaint, Plaintiff seeks relief for alleged violations of his "unalienable rights" by individuals that the Court can only assume are unnamed employees of the state government. [Doc. 1, p. 1]. Plaintiff argues that Defendant has violated his constitutional rights, including those protected under the Fourth, Fifth, Sixth, and Seventh Amendments to the United States Constitution. [Doc. 1, pp. 4-5]. Plaintiff appears to generally allege that his constitutional rights were violated in connection with a child support order filed in the Superior Court of Clarke County, Georgia, in 2013. [*Id.*].

Plaintiff's first issue is that he has named a defendant that does not presently exist by that name. Plaintiff names the "Georgia DHR Services" as the defendant in this action. [Doc. 1]. The Court takes the risk of assuming that Plaintiff is referring to what used to be known as the Georgia Department of Human Resources. However, the Georgia Department of Human Resources has not existed by that name since 2009. As

such, Plaintiff seemingly seeks relief from an agency that no longer exists. Because

Plaintiff's allegations primarily concern issues with his child support obligations, the

Court will hazard a guess that Plaintiff meant, instead, to refer to the Georgia

Department of Human Services. Although it is now apparent that Plaintiff has sued the

wrong party, the Court may not dismiss his claims for misjoinder alone. *See* Fed. R. Civ.

P. 21. Instead, the Court must add the proper party since the Georgia Department of

Human Services is essential to Plaintiff's claims. *See* Fed. R. Civ. P. 19(a). But the Court

declines to do so in this case because Plaintiff's claims—regardless of who has been

named as a Defendant—are nonetheless barred by the statute of limitations.

Plaintiff alleges that a state agency has violated his constitutional rights,

including his right to due process, stemming from a court order requiring him to pay

child support. [Doc. 1]. This would presumably result, if proven, in a violation of

Plaintiff's Fifth Amendment or Fourteenth Amendment rights. *See Dusenbery v. United

States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment

prohibits the United States, as the Due Process Clause of the Fourteenth Amendment

prohibits the States, from depriving any person of property without 'due process of

law.'"). As discussed, Plaintiff also levies claims for violation of his Fourth, Sixth, and

Seventh Amendment rights. [Doc. 1, pp. 4-5]. Such claims are properly brought

pursuant to 42 U.S.C. § 1983 and carry a two-year statute of limitations when brought in

the Georgia federal courts. *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998) ("Federal

courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983[.]"); *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) ("[T]he Georgia two-year personal injury limitations period applies to § 1983 actions in a Georgia district court."). Where it "appear[s] beyond a doubt from the complaint itself that the [plaintiff] can prove no set of facts which would avoid a statute of limitations bar," the Court may dismiss the complaint as time-barred prior to service. *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam)).

It is clear from Plaintiff's Complaint that the superior court order requiring him to pay child support was entered in 2013, over 12 years before Plaintiff filed this action. [Doc. 1-1]. Given the applicable two-year statute of limitations, Plaintiff's claims are clearly time-barred.

Finally, even giving Plaintiff the benefit of the doubt on all of the above issues, his claims nonetheless fail as a result of the doctrine of sovereign immunity. Because it appears that Plaintiff intended to assert a claim against a state agency and seeks to recover for some sort of injury, the Court will liberally construe this claim as having been filed under 42 U.S.C. § 1983.

Section 1983 creates a private cause of action that allows individuals to seek damages for deprivations of federal constitutional or statutory rights by persons acting

under color of state law. 42 U.S.C. § 1983.[3] To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the United States Constitution or a federal statute; and (2) the act or omission was committed by a state actor or a person acting under color of state law. *Hale v. Tallaposa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 678) (alteration in original).

In this case, Plaintiff has levied claims against a state agency. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Accordingly, the amendment precludes actions against an unconsenting State brought in federal court. *See Kentucky v. Graham*, 473 U.S. 159, 167–69 (1985); *see also Green v. Waystack*, No. 5:18-cv-00042-TES, 2018 WL 3097019, at *5–6 (M.D. Ga. June 22, 2018). The Eleventh Amendment's prohibition of suits against an unconsenting State expends equally to state agents in their official capacity. *Id.* at 166

---

[3] Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the [state itself]."). The State of Georgia has not waived its Eleventh Amendment immunity and therefore has not consented to suit in federal courts. *See* O.C.G.A. § 50-21-23(b) ("The state does not waive any immunity with respect to actions brought in the courts of the United States."). In other words, federal courts lack jurisdiction to hear claims brought against state officials in their official capacity. *Williams v. Monroe Cnty. Dist. Att'y*, 702 F. App'x 812, 813 (11th Cir. 2017). Therefore, Plaintiff may not bring his claims against the state agency in this Court.

<u>CONCLUSION</u>

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2]. Then, upon review of Plaintiff's Complaint [Doc. 1] under 28 U.S.C. § 1915(e), the Court **DISMISSES** it **without prejudice** for failure to state a claim.[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this 2nd day of July, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] Since the applicable statute of limitations has run as to Plaintiff's claims, the Court's dismissal without prejudice is tantamount to dismissal with prejudice. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)).